UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THELMA TULLIER | * | CIVIL ACTION |
| VERSUS | * | NUMBER: 06-8910 |
| STATE FARM FIRE AND CASUALTY COMPANY, ET AL. | * | SECTION "L"(3) |

ORDER & REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 7).  For the following

reasons, the Plaintiff's motion is now DENIED.

I.      BACKGROUND

This case arises from a dispute regarding insurance coverage for the Plaintiff's home

located at 145 Carroll Lane in Empire, Louisiana, which suffered damage as a result of

Hurricane Katrina.  The Defendants in this case are State Farm Fire and Casualty Company

("State Farm"), the Plaintiff's homeowner's insurance carrier, and State Farm claims

representatives Eddie Trascher, Bryce French, Tom Hyland, and Tomas Gutierrez.  The

Plaintiff's policy has coverage limits of $103,300 for dwelling and $77,475 for contents.

In August of 2006, the Plaintiff filed the present action in the 25th Judicial District Court

for the Parish of Plaquemines, State of Louisiana.  The Plaintiff seeks payment from State Farm

for damages and losses to the property, in addition to bad-faith penalties under Louisiana law.

Furthermore, the Plaintiff alleges that Trascher, French, Hyland, and Gutierrez arbitrarily and

improperly adjusted her claim.

State Farm removed this case to federal court on October 20, 2006, contending that this

Court has jurisdiction under either of the following provisions:  (1) diversity jurisdiction under

28 U.S.C. § 1332, because the claims representatives are improperly joined and the amount in

controversy exceeds $75,000; or (2) the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C.

§ 1369.  On February 23, 2007, the Plaintiff filed the instant motion to remand.

## II.     LAW & ANALYSIS

The removing defendant bears the burden of demonstrating that federal jurisdiction exists

and therefore that removal was proper.  *See Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th

Cir. 1993).  As a general matter, the removal statute is to be construed narrowly and in favor of

remand to state court.  *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941).  Indeed,

"doubts regarding whether removal jurisdiction is proper should be resolved against federal

jurisdiction."  *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).  Accordingly, all

disputed questions of fact must be resolved in favor of the non-moving party.  *See Burden v.

Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995).

State Farm contends that this Court has diversity jurisdiction over this case because

complete diversity exists between the Plaintiff and the properly joined Defendant, and the

amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.  The Plaintiff does not contest

the amount-in-controversy requirement, but argues that diversity of citizenship does not exist.

Specifically, State Farm asserts that diversity jurisdiction exists because Trascher,

French, Hyland, and Gutierrez, the non-diverse defendants, were improperly joined and,

therefore, that the Court must disregard the citizenship of these defendants.  "The burden of

proving a fraudulent joinder is a heavy one," and the burden is borne by the removing party.

*Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983).  The removing party can

2

satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981).  However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder.  This possibility . . . must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002); *see Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 574 (5th Cir. 2004).

In this case, the Plaintiff alleges that Trascher, French, Hyland, and Gutierrez arbitrarily adjusted her claim in bad faith.  Under Louisiana law, "as a general rule, no cause of action lies against an insurance adjuster for processing and handling of an insurance claim." *See Edwards v. Allstate Prop. & Cas. Co.*, 04-2434, 2005 WL 221560, at *3 (E.D. La. Jan. 27, 2005). However, "an adjuster can be liable under certain circumstances where he has engaged in fraud toward the claimant or where he has provided the claimant false information regarding the potential success of the claim and has reason to know that the claimant will rely on that information." *Munsterman v. State Farm Fire & Cas. Co.*, 06-8722, 2007 WL 29183, at *1 (E.D. La. Jan. 3, 2007).  As in *Munsterman*, the petition in this case "contains no factual allegations to suggest that the adjusters committed fraud or that the Plaintiffs relied to their detriment upon untruthful information that the adjusters knowingly passed on to Plaintiffs." *Munsterman*, 2007 WL 29183, at *2.  Accordingly, the Court finds that the Plaintiff has no possibility of recovering against the insurance adjusters and, thus, that Trascher, French, Hyland,

and Gutierrez were improperly joined and diversity jurisdiction exists.[1]

## III.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiff's Motion to Remand is

DENIED.  IT IS FURTHER ORDERED that Defendants Trascher, French, Hyland, and

Gutierrez are DISMISSED WITH PREJUDICE.


New Orleans, Louisiana, this 16th  day of   March  , 2007.

UNITED STATES DISTRICT JUDGE

---

[1]  While the Court need not consider whether federal jurisdiction exists under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. § 1369, the Court notes that, in this case, it does not.  *See, e.g., Case v. ANPAC La. Ins. Co.*, 466 F. Supp. 2d 781, 788-98 (E.D. La. 2006); *Southall v. St. Paul Travelers Ins. Co.*, No. 06-3848, 2006 WL 2385365, at *5-6 (E.D. La. Aug. 16, 2006); *Flint v. La. Farm Bureau Mut. Ins. Co.*, No. 06-2546, 2006 WL 2375593, at *2-4 (E.D. La. Aug. 15, 2006).